UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LIVIA LILL,<br><br>    Defendant. | Case No. 13-cr-00448-TEH<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RELEASE PENDING 2255 PETITION** |

On February 9, 2015, Petitioner Livia Lill filed a motion pursuant to 28 U.S.C. § 2255, challenging her judgment and sentence by this Court. (Docket No. 98). Included in that filing, Petitioner made a motion for release pending the Court's decision on her petition. On February 17, 2015, the Court ordered the United States to show cause for why Petitioner's § 2255 petition should not be granted. (Docket No. 102). The Court recently received a letter from Petitioner inquiring into the status of her motion for release. (Docket No. 110). The Court now issues this Order in response, and hereby DENIES Petitioner's motion for release pending the outcome of her § 2255 petition.

A federal court has authority to release a state prisoner on recognizance or surety in the course of a habeas proceeding. *See Marino v. Vasquez*, 812 F.2d 499, 507 (9th Cir. 1987); *Nickerson v. Roe*, No. 98-04909-MHP, 2000 WL 33381022, at *1 (N.D. Cal. Dec. 11, 2000). This authority derives from the power to issue the writ itself. *Marino*, 812 F.2d at 507. In the habeas context, bail is reserved for "extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989); *see also United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1995).

Given the "extraordinary" standard for release pending a § 2255 petition, the Court can identify nothing in the record or Petitioner's arguments that would entitle her to release at the present time. As articulated in *Benson v. California*, there are thousands of prisoners who would have no difficulty drafting a petition for habeas corpus alleging substantial

1 violations of their constitutional rights. 328 F.2d 159, 162 n. 2 (9th Cir. 1964). Like the
2 Court of Appeals in *Benson*, this Court does not propose to "open the door to the release of
3 those thousands of prisoners on the basis of mere allegations in their petitions." *Id.* The
4 Court recognizes that Petitioner identifies hardships resulting from her incarceration.
5 However, such hardships - financial, familial, and otherwise - are the common result of
6 imprisonment. Such natural consequences of detention are not "special circumstances"
7 that warrant extraordinary relief. Petitioner additionally claims that she is experiencing
8 extreme stress, resulting in health issues, as a result of her incarceration. The stresses of
9 incarceration, however, are also not grounds for release - especially where such health
10 issues can be treated by the medical professionals at the Bureau of Prisons.

11 Regarding the probability of Petitioner's success, which must be "high" to warrant
12 release, the Court notes that it has previously denied a request by Petitioner for release
13 pending her appeal of the Court's judgment, because she failed to raise a substantial
14 question on appeal. (Docket No. 92). Petitioner must now meet an even higher burden
15 during a collateral attack of her judgment. *See Mett*, 41 F.3d at 1282. Despite adding
16 additional factual allegations in her habeas petition, and including a few supporting
17 documents therein, her petition cannot fairly be described as holding a "high probability of
18 success." The Court has ordered the Government to respond to Petitioner's allegations
19 because the petition could not be summarily dismissed on its face; this does not, however,
20 indicate the high probability of success necessary to secure immediate release.

21 Because this is not an extraordinary case involving special circumstances or a high
22 probability of success, Petitioner's motion for release is DENIED.

24 **IT IS SO ORDERED.**

26 Dated: 03/03/15 _____
   THELTON E. HENDERSON
27 United States District Judge